**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2015 DEC 28  P 3: 31

RICKY LEE MANNEN, #563654                     *

     Petitioner                                    *

CLERK'S OFFICE
AT GREENBELT

v                                             *     Civil Action No. GJH-15-2600

BY_____DEPUTY

                                                  *

KATHLEEN LANDERKIN, WARDEN,[1] et al.,

                                                  *

     Respondents

                   ***

**MEMORANDUM OPINION**

    Ricky Lee Mannen, a state prisoner, filed this self-represented Petition for Writ of

Habeas Corpus pursuant to 28 U.S.C. § 2241, challenging the computation of his sentence. ECF

No. 1. Respondents move to dismiss the Petition on the basis that Mannen has failed to exhaust

his claims in state court or through the administrative process. Alternatively, Respondents argue

that Mannen's allegations are not cognizable by way of federal habeas corpus review, and are

without merit. ECF No. 5. Mannen has replied. ECF No. 6.

    Mannen argues that his maximum expiration date does not credit him with diminution of

confinement credits to reduce the length of his incarceration and permit his release on mandatory

supervision, as permitted under Md. Code Ann., Corr. Servs. ("CS") §§ 3-701–3-711.

Respondents contend that Mannen is subject to CS § 7-501(b), which provides that a prisoner

convicted of a violent crime committed on or after October 1, 2009, is not eligible for a

conditional release until he becomes eligible for parole under § 7-301(c) or (d). Respondents

note that under CS §§ 7-301(c)(ii)(1)–(3), Mannen, who is serving more than one sentence,

---

[1] Mannen moves to substitute the current Warden of the Baltimore Pre-Release Center as the proper party
respondent.  ECF No. 7.

1

including a parolable and non-parolable sentences, must serve a period equal to the term during

which he is not eligible for parole—the five year period commencing November 6, 2011—before

his parole eligibility will be considered. Respondents further argue that under CS § 7-501(b),

Mannen is also ineligible for release on mandatory supervision during that period.

## I.     Background

On March 8, 2012, Mannen was sentenced in the Circuit Court for Baltimore City to five

years of incarceration, commencing November 6, 2011, for use of a handgun in a crime of

violence and a five-year sentence for second-degree assault, to run concurrently to the sentence

imposed on the handgun count.[2] ECF No. 5-1[3] (commitment record of March 8, 2012). The court

noted that the sentence for use of a handgun in a crime of violence was to be served without

possibility of parole commencing November 6, 2011, in accordance with Md. Ann. Code Crim.

Law. Art. § 4-204. *Id.* At the time of conviction, Mannen was on probation for two additional

convictions in Case No. 20098039[4] and Case No. 209098041.[5] The court committed Mannen to

the Division of Correction ("DOC") for three years for each violation of probation. Mannen's

maximum expiration date of imprisonment remained November 6, 2016, after probation was

revoked in the other two cases. *See* CS § 3-701(2)(i) (defining "term of confinement" as "the

period from the first day of the sentence that begins first through the last day of the sentence that

ends last, for . . . concurrent sentences . . . .").

On August 27, 2013, the District Court of Maryland for Baltimore City sentenced

---

[2] The conviction, in Case No. 311355003, was rendered after appeal of the judgment of the District Court of Maryland for Baltimore City in Case No. 1B02136114.

[3] All pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.

[4] The underlying conviction was for possession with intent to distribute cocaine.

[5] The underlying conviction was for second-degree assault.

Mannen to serve 90 days in the DOC, with credit for 4 days' time served prior to sentencing, in

Case No. 2B02206983, for violating an ex parte protective order. ECF No. 5-3 (commitment

record). This sentence was to run consecutively to the last sentence "to expire of all outstanding

and unserved Maryland sentences." *Id.* As a result, Mannen's maximum expiration date of

confinement was extended to December 20, 2016. ECF No. 5-2, line 5.

On March 26, 2015, Mannen filed a petition for writ of habeas corpus in the Circuit Court

for Carroll County arguing, as he does here, that the DOC improperly applied § 7-501(b) to his

term of confinement. ECF No. 5-5. The Circuit Court denied the petition on June 17, 2015,

ruling that CS § 7-501(b) had been properly applied to Mannen's term of confinement. ECF No.

5-6. Mannen did not appeal the Circuit Court decision. He indicates that the Maryland Court of

Special Appeals is considering the application of CS § 7-501(b) in a similar case: *Jamil Ali v.*

*Department of Public Safety and Correctional Services*, No. 1581 (Sept. Term 2013). As of

November 20, 2015, the appellate decision in *Ali* remains pending. ECF No. 6-1; ECF No. 6-2.

**II.    Analysis**

Sentence and diminution credit calculation disputes generally are issues of state law and

do not give rise to a federal question. *See Estelle v. McGuire*, 502 U.S. 62, 67–68, 112 S. Ct. 475

(1991). Violation of a state law which does not infringe upon a specific constitutional right is

cognizable in federal habeas corpus proceedings only if it amounts to a "fundamental defect

which inherently results in a complete miscarriage of justice." *Hailey v. Dorsey*, 580 F.2d 112,

115 (4th Cir. 1978) (quoting *Hill v. United States*, 368 U.S. 424, 428, 82 S. Ct. 468 (1962)). A

dispute over diminution credits generally does not rise to this level. *See Willeford v. Estelle*, 538

F.2d 1194, 1197 (5th Cir. 1976). If a "claim . . . rests solely upon an interpretation of [state] case

law and statutes, it is simply not cognizable on federal habeas review." *Wright v. Angelone*, 151

F. 3d 151, 157 (4th Cir. 1998); *see also Smith v. Moore*, 137 F.3d 808, 822 (4th Cir. 1998) (refusing to entertain claim that jury instruction misstated South Carolina law). It appears that the Maryland appellate courts are currently examining the interplay between the statutes affecting parole eligibility for offenders like Mannen. This examination involves Maryland law and is best left to the purview of the State courts.

Even if this Court were to assume that Mannen has presented a federal question here, his Petition is subject to the exhaustion requirement of 28 U.S.C. § 2254(b), which applies to petitions filed pursuant to 28 U.S.C. § 2241. *See Francis v. Henderson*, 425 U.S. 536, 538, 96 S. Ct. 1708 (1976) ("This Court has long recognized that in some circumstances considerations of comity and concerns for the orderly administration of criminal justice require a federal court to forgo the exercise of its habeas corpus power."); *see also Timms v. Johns*, 627 F. 3d 525, 531 (4th Cir. 2010) (applying exhaustion requirements to a § 2241 petition challenging civil commitment). Thus, before seeking federal habeas corpus relief, Mannen must exhaust each claim presented by pursuing remedies available in state court. *See Rose v. Lundy*, 455 U.S. 509, 521, 102 S. Ct. 1198 (1982). Each claim must be fairly presented to the state courts; this means presenting both the operative facts and controlling legal principles. *See Baker v. Corcoran*, 220 F.3d 276, 289 (4th Cir. 2000) (citations omitted).

Exhaustion includes appellate review in the Maryland Court of Special Appeals and where appropriate, the Maryland Court of Appeals. *See Granberry v. Greer*, 481 U.S. 129, 134–35, 107 S. Ct. 1671 (1987). The state courts must be afforded the first opportunity to review federal constitutional challenges to state convictions in order to preserve the role of the state courts in protecting federally guaranteed rights. *See Preiser v. Rodriguez*, 411 U.S. 475, 491, 93 S. Ct. 1827 (1973).

4

Mannen may challenge the calculation of his term of confinement by pursuing both administrative and judicial remedies. He may file a grievance with the Inmate Grievance Office ("IGO"). *See generally* CS § 10-206(a). If the grievance is not found wholly lacking in merit on its face, it is referred to the Office of Administrative Hearings ("OAH") for a hearing before an administrative law judge. *Id*. at § 10-207(c). An order of the OAH finding that an inmate's complaint is lacking in merit constitutes the final decision of the Secretary of Public Safety and Correctional Services ("Secretary") for purposes of judicial review. *Id* at § 10-209(b). If the OAH finds that the grievance is meritorious, an order is forwarded to the Secretary. The Secretary may affirm, reverse, or modify the order of the OAH. *Id.* at § 10-209(c).

An appeal of the Secretary's decision lies with the "circuit court of the county in which the complainant is confined." *Id*. at CS § 10-210(b)(2). Mannen may thereafter seek review in the Maryland Court of Special Appeals by application for leave to appeal, *id*. at § 10-210(c)(2), and, if the Maryland Court of Special Appeals grants the application for leave to appeal but denies relief on the merits, he may then seek review in the Maryland Court of Appeals by petition for writ of certiorari. *See Williams v. State*, 438 A.2d 1301 (Md. 1981); Md. Code Ann., Cts. & Jud. Proc. § 12-202.

Furthermore, a prisoner who "alleges entitlement to immediate release and makes a colorable claim that he or she has served the entire sentence less any mandatory [diminution] credits" may seek relief directly from Maryland courts by petition for a writ of habeas corpus. *See Maryland House of Correction v. Fields*, 703 A.2d 167, 175 (Md. 1997). The inmate may appeal a circuit court's decision denying habeas corpus relief to the Maryland Court of Special Appeals, and may thereafter seek certiorari in the Maryland Court of Appeals. *See generally Stouffer v. Pearson*, 887 A.2d 623 (Md. 2005); *Stouffer v. Staton*, 833 A.2d 33 (Md. Ct. Spec.

5

App. 2003); *Jones v. Filbert*, 843 A.2d 908 (Md. Ct. Spec. App. 2004). It appears that Mannen may have filed such a claim in the Circuit Court, but thereafter neglected to file an appeal. If Mannen prevails in any of the above proceedings, and if a federal claim can be adduced from the pleading, the need for this Court's involvement is obviated. This Court may not, however, entertain the issues presented in the Petition if the Maryland courts have not had the opportunity to fully review the claims raised.

Mannen has no absolute entitlement to appeal a district court's denial of his federal habeas corpus petition. *See* 28 U.S.C. § 2253(c) (1). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at §2253(c) (2). When a district court dismisses a habeas petition solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both: "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rouse v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack v. Daniel*, 529 U.S. 473, 484, 120 S. Ct. 1595 (2000)). Mannen has failed to demonstrate entitlement to a certificate of appealability in the instant case.

Based upon the foregoing reasoning, the habeas corpus relief requested shall be denied without prejudice. A certificate of appealability shall not issue and the Clerk shall be directed to close this case.

12/28/2015
Date

George Jarrod Hazel
United States District Judge

6